UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NOCO COMPANY, ) | Case No. 1:21-cv-01191 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| SHENZHEN XINSHENGFENG ) | |
| TRADING CO., LTD. D/B/A ) | |
| AUTOXEL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPINION AND ORDER**

On April 15, 2022, Plaintiff NOCO Company moved for default judgment against Defendant Shenzhen Xinshengfeng Trading Company, Ltd., doing business as AUTOXEL. (ECF No. 15.) In the complaint, Plaintiff brought claims for willful infringement of its design patent in connection with the manufacturing, marketing, and sales of AUTOXEL's competing products in Ohio and the United States. (ECF No. 1.) Plaintiff claims design patent infringement and seeks a declaratory judgment and a permanent injunction. (*Id.*) For the following reasons, the Court **GRANTS** Plaintiff's motion for default judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff NOCO Company designs, manufactures, and sells battery chargers, portable power devices, and battery products and accessories. (ECF No. 1, ¶ 2, PageID #1.) In connection with its business, Plaintiff protects elements of its product designs by securing design patents to prevent competitors from adopting its unique

product design elements. (*Id.*, ¶ 20, PageID #4.) Plaintiff owns the United States Design Patent Number 754,606 S1 ("'606 Patent"), issued on April 26, 2016. (*Id.*, ¶¶ 21 & 23, PageID #4.) In addition to obtaining design patents, Plaintiff regularly monitors the marketplace for infringement. (*Id.*, ¶ 24, PageID #4.)

In June 2021, Plaintiff became aware that Defendant Shenzhen Xinshengfeng Trading Company, Ltd. was infringing the '606 Patent by offering an infringing battery jump starter. (*Id.*, ¶¶ 19 & 24, PageID #4.) Specifically, Defendant sold the battery jump starter without Plaintiff's authorization or consent through its Amazon.com storefront AUTOXEL. (*Id.*) Then, on June 15, 2021, Plaintiff filed its complaint against Defendant requesting declaratory and injunctive relief and damages for alleged design patent infringement. (*Id.*, ¶¶ 25–39, PageID #4.)

Although Defendant initially responded to the complaint, the Court struck the response from the record because it a lawyer did not sign it (non-lawyers may not represent entities) and because it failed to comply with the Civil and Local Rules. (August 26, 2021 Docket Entry.) The Court ordered Defendant to correct the deficiencies and answer, move, or otherwise plead promptly. (ECF No. 8.) Defendant failed to do so.

On October 8, 2021, the Clerk entered Defendant's default on the docket. (*See* October 8, 2021 Docket Entry.) Then, Plaintiff requested limited discovery on non-party Amazon.com, Inc., which the Court granted. (ECF No. 11.) Pursuant to Rule 45, Plaintiff served a subpoena on Amazon requesting documents relevant to determining the extent of Defendant's infringing sales. (ECF No. 12.) On April 15,

2022, Plaintiff moved for default judgment, seeking permanent injunctive and declaratory relief. (ECF No. 15.) Defendant has not responded to Plaintiff's complaint or its motion for default judgment. Nor has Defendant taken any other action in response to the complaint.

## ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b).

Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded allegations in the complaint, regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). A court may enter default judgement against a defendant with or without a hearing. Fed. R. Civ. P. 55(b); *see also Zonganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016) (concluding that a plaintiff's well-pleaded allegations and evidentiary support for its motion for default judgment were sufficient to determine defendant's liability without holding a hearing).

**I.     Defendant's Liability**

Plaintiff seeks default judgment on its claim for design patent infringement. (ECF No. 15.)  While the well-pleaded factual allegations of the complaint are accepted as true for purposes of determining liability, the Court must determine whether those facts are sufficient to state a claim for relief. *Zinganything*, 158 F. Supp. 3d at 672.

35 U.S.C. § 271(a) governs direct patent infringement.  That statute provides: "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent therefor, infringes the patent."  To establish a patent infringement claim, the plaintiff must "(i) allege ownership of the patent; (ii) name each defendant; (iii) cite the patent that is allegedly infringed; (iv) state the means by which the defendant allegedly infringes; and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citation omitted); *see also Gold Crest, LLC v. Project Light, LLC*, 525 F. Supp. 3d 826, 836 (N.D. Ohio 2021).

Plaintiff provided sufficient factual evidence to establish liability for patent infringement.  Plaintiff owns the '606 Patent and attached to its complaint proof of ownership.  (*See* ECF No. 1-1, PageID #8–12.)  Plaintiff named Defendant in the complaint.  (ECF No. 1, ¶ 1, PageID #1.)  Plaintiff also cited the '606 Patent as the patent that Defendant infringed.  (*Id.*, ¶¶ 20–28, PageID #4–5.)  Further, Plaintiff described Defendant's infringement by means of Defendant's product containing a substantially similar electrical connector that would cause confusion and lead to mistaken purchases of Defendant's product.  (*Id.*, ¶¶ 25–28, PageID #5.)  Finally,

4

Plaintiff identified the relevant sections of patent law invoked as 35 U.S.C. §§ 271(a), 283–85, and 289. (*Id.*, ¶¶ 36–39, PageID #6–7.) Moreover, by failing to respond to the complaint, Defendant has admitted Plaintiff's allegations. *Ford Motor*, 441 F. Supp. 2d at 846.

Accordingly, Plaintiff has established that Defendant engaged in design patent infringement. Accordingly, the Court **GRANTS** Plaintiff's default judgment against Defendant for patent infringement.

## II. Declaratory Judgment

The Court may declare the "rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). As the owner of intellectual property, Plaintiff may seek a declaration of patent infringement. *See Lang v. Pacific Marine & Supply Co.*, 895 F.2d 761, 763–64 (Fed. Cir. 1990) (explaining that patentees can seek declarations of infringement against parties who will infringe in the future). In June 2021, Plaintiff discovered Defendant was selling a "Car Battery 6V/12V 3.8Amp Automotive Trickle Battery Charger Maintainer 110V Battery Repair Charge with 8 Charging Modes" that utilized an electrical connector identical to the '606 Patent and employed throughout NOCO's product line. (ECF No. 1, ¶ 26, PageID #5.) Defendant continues to sell this product on its Amazon.com storefront AUTOXEL, thereby willfully infringing Plaintiff's patent rights. (*Id.*, ¶¶ 36–39, PageID #6–7.)

Based on the record in this case, the Court declares and makes the following findings:

    A.    Defendant has no right or authorization to use Plaintiff's '606 Patent;

5

    B.    Defendant has manufactured, offered for sale, and sold products infringing Plaintiff's '606 Patent;

    C.    Defendant's infringement of Plaintiff's '606 Patent violates Plaintiff's rights in the '606 Patent; and

    D.    Defendant's sales of the infringing products and use of the '606 Patent were willful, have caused harm, and will continue to cause Plaintiff harm.

### III. Injunctive Relief

Courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. "The decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretions must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 338, 394 (2006). To obtain a permanent injunction, Plaintiff must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.*

As to the first factor, "irreparable injury encompasses different types of losses" and when "two companies are in competition against one another, the patentee suffers the harm—often irreparable—of being forced to compete against products that

incorporate and infringe its own patented invention." *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1344–45 (Fed. Cir. 2013). Here, Plaintiff and Defendant are competitors in the battery jump starter market. (ECF No. 1, ¶ 17, PageID #4.) And a competitor's sale of infringing products irreparably harms Plaintiff.

As to the second factor, "it is well settled that, because the principal value of a patent is its statutory right to exclude, the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole." *Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1456–57 (Fed. Cir. 1988). The Patent Act "provides injunctive relief to preserve the legal interests of the parties against future infringement which may have market effect never fully compensable in money." *Id.* at 1457. Here, there is potential for future harm from infringement on the facts presented because Defendant continues to sell the infringing product despite this litigation, making it likely that Defendant will continue its infringing conduct in the future.

Regarding the balance of hardships, a permanent injunction is warranted because Defendant faces no hardship by refraining from infringing the '606 Patent. "One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 704 (Fed. Cir. 2008) (quoting *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986)). However, Plaintiff faces hardships from Defendant's infringing conduct as it

7

has spent considerable time, effort, and resources developing a product line using the '606 Patent.

Finally, the public's interest supports issuance of a permanent injunction. "[T]he touchstone of the public interest factor is whether the injunction, both in scope and effect, strikes a workable balance between protecting the patentee's rights and protecting the public from an injunction's adverse effects." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010). The public interest is best served where there is strong patent protection. *Abbot Labs v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1348. (Fed. Cir. 2006). Here, the public's interest lies in protecting Plaintiff's patent rights and halting Defendant's infringement.

After weighing the factors for the issuance of a permanent injunction, both individually and collectively, the Court determines that a permanent injunction enjoining Defendant is warranted. Accordingly, the Court permanently enjoins Defendant and any of its affiliates, successors, or assigns from infringing the '606 Patent in any manner whatsoever.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment. Further, the Court **PERMANENTLY ENJOINS** Defendant Shenzhen Xinshengfeng Trading Company, Ltd., doing business as AUTOXEL and any affiliate, successor, or assign from using in any manner the United States Design Patent Number 754,606 S1, issued on April 26, 2016 and from infringing, contributing to the

8

infringement of, or inducing infringement of the '606 Patent, including but not limited to Defendant's Autoxel 3.8A Charger/Maintainer.

Further, the Court issues the following **DECLARATORY JUDGMENT**:

A. Defendant has no right or authorization to use Plaintiff's '606 Patent;

B. Defendant has manufactured, offered for sale, and sold products infringing Plaintiff's '606 Patent;

C. Defendant's infringement of Plaintiff's '606 Patent violates Plaintiff's rights in the '606 Patent; and

D. Defendant's sales of the infringing products and use of the '606 Patent were willful, have caused harm, and will continue to cause Plaintiff harm.

Finally, the Court **DIRECTS** the Clerk to enter judgment accordingly.

    **SO ORDERED.**

Dated: April 27, 2022

    J. Philip Calabrese
    United States District Judge
    Northern District of Ohio